United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEP SOLAR INC, <br><br> Plaintiff, <br><br> v. <br><br> WESTINGHOUSE SOLAR INC, et al., <br><br> Defendant. <br> _____/ | No. C 11-06493 JSW <br><br> **ORDER GRANTING MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY; CONTINUING HEARINGS ON MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION; AND REFERRING ALL DISCOVERY TO A MAGISTRATE JUDGE; AND VACATING CASE MANAGEMENT CONFERENCE** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion for Leave to Conduct Jurisdictional Discovery, filed by Plaintiff Zep Solar, Inc. ("Zep"). Zep seeks leave to conduct jurisdictional discovery from Morrison Supply Company, L.L.C. ("Morrison"), Sky Solar Solutions, L.L.C. ("Sky"), Westinghouse Solar, Inc. and Andalay Solar, Inc. (collectively "WSI", unless otherwise noted). The Court has carefully considered the parties' papers, the relevant legal authority, and the record in this case, and the Court HEREBY GRANTS Zep's motion.

//

//

//

**BACKGROUND**

On December 20, 2011, Zep filed a complaint for patent infringement against Morrison, Sky, WSI, and other defendants, in which it alleges that California based WSI, through its manufacturing and distribution network, market, offer to sell, sell and/or import infringing solar panel products (the "accused products"). (Compl. ¶¶ 4, 9, 10.) Zep further alleges that Morrison and Sky each are authorized dealers for WSI that have entered into distributor agreements with WSI in connection with their promotion, marketing and sales of the accused products, each conduct business in California, and each are "installers who purchase the infringing products and directly infringe by installing them in infringing configurations for their customers." (*Id*. ¶¶ 21-22, 38.)

Morrison and Sky have moved to dismiss for lack of personal jurisdiction.[1] Morrison and Sky have attested that they entered into distributor agreements with Westinghouse that enable them to offer for sale and sell the allegedly infringing products. (Docket No. 12-2, Declaration of David Hooge in Support of Morrison's Motion, ("Hooge Decl.") ¶ 5; Docket No. 14-1, Declaration of Jennifer Neveil in Support of Sky's Motion, ("Neveil Decl.") ¶ 12.) Zep seeks leave to conduct jurisdictional discovery pertaining to those distributor agreements, before it files its opposition to the motions to dismiss. Zep contends that a more fully developed factual record will assist in resolving the issue of whether the Court can exercise specific jurisdiction over Morrison and Sky. Morrison and Sky, in turn, claim that jurisdictional discovery could not possibly reveal a basis for specific jurisdiction because they do not conduct business or advertise in California, have only isolated contacts with California, and do not manufacture, use, or sell the allegedly infringing products in California.

**ANALYSIS**

**A.     Applicable Legal Standard.**

The Federal Circuit applies Federal Circuit law to determine whether personal jurisdiction exists, because personal jurisdiction is "intimately involved with the substance of the patent law." *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); *see also Beverly*

---

[1] It is undisputed that Morrison and Sky are out-of-state corporations.

2

*Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). The Federal Circuit applies Ninth Circuit law, however, to determine whether or not to permit jurisdictional discovery. *Nuance Communications v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010). The Ninth Circuit requires that "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Nuance*, 626 F.3d at 1235 (quoting *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 1986)). A plaintiff is not entitled to obtain jurisdictional discovery, however, "'when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,' or where the request for discovery is 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'" *Nuance*, 626 F.3d at 1235-36 (quoting *American W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989)); *see also Autogenomics Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1023 (Fed. Cir. 2009) (citing *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

To evaluate the nature and quality of a defendant's contacts for the purposes of specific jurisdiction, courts apply a three-prong test to determine: (1) whether the defendant took some directed action to purposefully avail itself of the privilege of conducting activities in the forum, and thereby invoked the benefits and protections of the forum's laws; (2) whether the claim arises out of or relates to the defendant's forum-related activities (hereinafter, the "arising out of or relating to prong"); and (3) whether exercise of jurisdiction is reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Nuance*, 626 F.3d at 1231; *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).

**B.     The Court Shall Permit Zep to Obtain Jurisdictional Discovery.**

The parties' dispute centers on whether jurisdictional discovery could reveal facts that pertain to the arising out of or relating to prong. Morrison and Sky argue that the only activities directed at the forum that satisfy this prong are the manufacture, use, or sale of the allegedly infringing product or system. (*See* Docket No. 43, Opp. Br., at 5:16-18, citing *Avocent*, 552 F.3d at 1332.) They argue the declarations they submitted deny that Morrison and Sky conduct

these activities in California. Thus, Morrison and Sky conclude that there are no pertinent facts to discover through jurisdictional discovery.

However, the Federal Circuit has held that the arising out of or relating to prong is to be applied flexibly and permissively. *See, e.g., Avocent*, 552 F.3d at 1330 (citing *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001) ("[I]t is significant that the constitutional catch-phrase [arises out of or relates to] is disjunctive in nature, indicating an added flexibility and signaling a relaxation of the applicable standard from a pure 'arise out of' standard."). This permissive Federal Circuit standard requires only that the contacts in the forum "relate in some material way" to the claim. *Id.* at 1336. Although the *Avocent* case addressed this issue in the context of a claim for declaratory relief for non-infringement and although the court looked to the conduct of the patent holder in the forum, there is nothing in the *Avocent* opinion that suggests that the Federal Circuit applies the arising out of or relating to prong more stringently in an affirmative claim for patent infringement. Rather, the *Avocent* court suggests only that, in such a case, the "jurisdictional inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent*, 552 F.3d at 1323.

Thus, the Federal Circuit's interpretation of the "arises out of or relates to" element is "far more permissive" than the proximate cause or "but for" test used in the Ninth Circuit. *See id*. at 1337. At this juncture, and in light of the Federal Circuit's more flexible interpretation of the arising out of relating to prong, the Court cannot conclusively say that it would be a futile act to permit Zep to obtain a limited amount of jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, in part, Zep's motion. However, the Court expresses no opinion on the propriety of Zep's proposed discovery requests. Rather, pursuant to Northern District Civil Local Rule 72-1, the Court HEREBY REFERS this matter to a randomly assigned Magistrate Judge for purposes of supervising all discovery in this case, which shall include the scope of jurisdictional discovery and any disputes that arise between the parties.

4

It is FURTHER ORDERED that the parties shall complete jurisdictional discovery by no later than May 30, 2012. Zep's opposition briefs to the motions to dismiss shall be due by no later than June 6, 2012. Morrison and Sky shall file their reply briefs by no later than June 13, 2012. The hearing currently scheduled for June 8, 2012 on these motions is HEREBY CONTINUED to June 29, 2012 at 9:00 a.m.

It is FURTHER ORDERED that the case management conference scheduled for June 1, 2012 is VACATED and shall be reset after the Court has resolved all pending motions.

**IT IS SO ORDERED.**

Dated: April 16, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Magistrate Referral Clerk