**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEP SOLAR INC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WESTINGHOUSE SOLAR INC, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 11-06493 JSW<br><br>**ORDER GRANTING MOTION TO STRIKE SECOND CLAIM FOR RELIEF AND AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT**<br><br>**(Docket No. 37)** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Strike and/or Dismiss filed by Zep Solar, Inc. ("Zep"). In this motion, Zep moves to strike or dismiss a counterclaim for relief and an affirmative defense premised on alleged inequitable conduct that has been asserted by defendants Westinghouse Solar, Inc and Andalay Solar, Inc. (collectively, "WSI"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court GRANTS Zep's motion to strike.

**BACKGROUND**

On December 20, 2011, Zep filed a complaint in which it alleged that WSI infringed U.S. Patent No. 7,592,537 ("'537 Patent"). WSI filed an answer on January 25, 2012, and asserted seventeen affirmative defenses. (Docket No. 11, Answer.) WSI also asserted two counterclaims seeking declaratory relief, one for non-infringement, and the other for patent

1 invalidity and/or unenforceability. At issue here are the Fourth Affirmative Defense and the
2 Second Counterclaim for Relief. (Answer, at 9:19-21, 14:9-22.)

3 In the fourth affirmative defense, WSI alleges that "[t]he Complaint and the purported
4 claim for relief therein is barred because the '537 Patent, and each claim thereof, is
5 unenforceable due to inequitable conduct." (*Id.* at 9:19-21.) In WSI's second counterclaim for
6 relief, WSI alleges that the '537 Patent is "invalid and/or unenforceable for failing to meet the
7 conditions of patentability including but not limited to those specified in 35 U.S.C. §§ 1 et seq.,
8 including 35 U.S.C. §§ 102, 103, 112, 119, 256 and 37 C.F.R. § 1.56." (*Id.* at 14:17-19.)

## ANALYSIS

### A. Applicable Legal Standard.

When a party seeks to strike portions of a pleading, it should move under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). *See Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129-1130 (D. Ariz. 2009) (requiring that a challenge to certain allegations, rather than to an entire claim, be brought under Rule 12(f), not Rule 12(b)(6)). Rule 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. (12)(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance Control v. ALCO Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary, to the issues in question." *Id*.

Motions to strike are regarded with disfavor, however, because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Nonetheless, the Court may properly grant motions to srike when a defense or a claim is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir.1982); *California ex rel. State Lands Comm'n v. United States,* 512 F. Supp. 36, 38 (N.D. Cal.1981). To determine whether to grant a motion to strike, a district court shall view the pleadings in the light most favorable to the pleader. *See*

*Taylor v. Quall,* 471 F. Supp.2d 1053, 1059 (C.D. Cal. 2007); *Lazar v. Trans Union LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000).

Although motions to strike under Rule 12(f) are generally considered procedural matters governed by regional circuit law, Federal Circuit law governs the sufficiency of allegations of inequitable conduct. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009) (citing *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions.,* 482 F.3d 1347, 1356 (Fed. Cir. 2007)); *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Systems, LLC,* 350 F.3d 1327, 1344 (Fed. Cir. 2003). Under Federal Circuit law, all averments of fraud and inequitable conduct, including affirmative defenses, fall within the strictures of Rule 9(b) and must be stated with particularity. *See Exergen*, 575 F.3d at 1326; *Central Admixture*, 482 F.3d at 1356. The particularity requirements, however, of Rule 9(b) must be read in harmony with the requirement to make out a "short and plain" statement of the claim. Fed. R. Civ. P. 8(a)(2).

**B.     WSI did not Sufficiently Plead Inequitable Conduct.**

Zep argues that WSI's allegation of inequitable conduct are insufficient because they fail to meet the heightened pleading standards of Rule 9(b). The essential elements of a claim of inequitable conduct under Federal Circuit law are: (1) an individual associated with the filing and prosecution of a patent application affirmatively misrepresents a material fact, fails to disclose material information, or submits false material information; and (2) the individual does so with the specific intent to deceive the U.S. Patent and Trademark Office ("PTO"). *Exergen*, 575 F.3d at 1327 n.3. To plead the circumstances of inequitable conduct with the requisite particularity required by Rule 9(b), the pleading must specifically state the "who, what, when, where, and how" of the misrepresentation or omission made to the PTO. *Id*. at 1327. Thus, "[a] pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Id*.

In *Chiron Corp. v. Abbott Labs.*, the defendant asserted an affirmative defense of unenforceability due to inequitable conduct. 156 F.R.D. 219, 219 (N.D. Cal.1994). To support its allegation, the defendant alleged that "[i]n an effort to avoid the patent examiner's

3

1 obviousness rejection, [plaintiff] intentionally misled the examiner about the state of the art."
2 *Id.* at 222. The defendant further alleged that plaintiff's agent swore to a affidavit that
3 contained "deceptive and misleading" information about the contested patent. *Id.* The court
4 found that although the defendant identified the affidavit as an allegedly fraudulent document, it
5 failed to specifically state what part of the affidavit was deceptive. *Id.* The court held that this
6 lack of specificity did not meet the heightened pleading standards of Rule 9(b) and struck the
7 affirmative defense from the answer. *Id.* at 222-23.

8 Unlike the defendant in the *Chiron* case, WSI does not even purport to identify an
9 allegedly fraudulent document that Zep submitted to the PTO. Rather, WSI alleges only that
10 the '537 Patent "is unenforceable due to inequitable conduct" and that the '537 Patent is
11 "invalid and/or unenforceable" for failure to meet statutory and regulatory conditions of
12 patentability, including 37 C.F.R. § 1.56 which pertains to a patentee's duty of candor to the
13 PTO.[1] WSI does not identify any particular misrepresentation or omission to the PTO, let alone
14 allege any facts regarding the "who, what, when, where, and how" of any such material
15 misrepresentation or omission. WSI also fails to include any specific facts that show Zep's
16 intent to deceive the PTO. *See Exergen*, 575 F.3d at 1326. WSI's allegations are woefully
17 inadequate when compared to the allegations in the *Chiron* case, which also were found to be
18 insufficient to support an affirmative defense of inequitable conduct.

19 WSI argues that the "allegations regarding inequitable conduct are based on WSI's
20 information and belief that Zep is, and possibly was, aware of prior art that Zep did not disclose
21 to the [PTO] during patent prosecution." (Docket No. 47, Opposition, 3:27-8.) However, these
22 allegations are not included in the affirmative defense or the counterclaim, and, even if they
23 were included, they would not satisfy the specific allegation requirements of Rule 9(b). *See*
24 *Exergen*, 575 F.3d at 1326; *Chiron Corp.,* 156 F.R.D. at 222-23.

---

[1] WSI notes that its second counterclaim for relief is premised upon more than inequitable conduct. Although WSI claims that Zep moved to strike or dismiss the entire counterclaim, it is clear to the Court that Zep's motion is limited to that portion of the counterclaim that purports to state a claim for inequitable conduct, *i.e.* Zep moves only to strike the portion of that claim that relates to 37 C.F.R. § 1.56.

4

Accordingly, the Court GRANTS Zep's motion to strike. The Court strikes the fourth affirmative defense, and it strikes the reference to 37 C.F.R. § 1.56 from the second counterclaim for relief. Because WSI may be able to allege facts that could satisfy the heightened pleading standard for inequitable conduct, the Court shall grant WSI leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Zep's Motion to Strike, and it grants WSI leave to file an amended answer and counterclaim. If WSI intends to amend, it must do so by no later than May 4, 2012.

**IT IS SO ORDERED.**

Dated: April 16, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE