**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEP SOLAR INC,<br><br>    Plaintiff,<br><br>  v.<br><br>WESTINGHOUSE SOLAR INC, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-06493 JSW<br><br>**ORDER GRANTING MOTION TO STRIKE SECOND CLAIM FOR RELIEF AND AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT**<br><br>**(Docket No. 54)** |

This matter comes before the Court upon consideration of the Motion to Strike and/or Dismiss filed by Zep Solar, Inc. ("Zep"). In this motion, Zep moves to strike or dismiss a counterclaim for relief and an affirmative defense premised on alleged inequitable conduct that has been asserted by defendants Lightway Green New Energy Company, LTD ("Lightway"), and Brightway Global LLC ("Brightway"). The Court has considered the parties' papers, relevant legal authority and the record in this case, and it concludes that a reply is not required and that the matter is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for June 22, 2012, and it GRANTS Zep's motion to strike.

On April 16, 2012, Lightway and Brightway filed their response to Zep's motion and assert that the Court's Order granting Zep's motion to strike an affirmative defense and counterclaim for relief asserted by Defendants Westinghouse Solar, Inc. and Andalay Solar, Inc.

1  (collectively "WSI") should govern the result of this motion. (*See* Docket No. 57.) The Court
2  agrees.
3      In the fourth affirmative defense, Brightway and Lightway allege that "[t]he Complaint
4  and the purported claim for relief therein is barred because the '537 Patent, and each claim
5  thereof, is unenforceable due to inequitable conduct." (Docket No. 49, Answer and
6  Counterclaims for Relief at 7:26-27.) In their second counterclaim for relief, Lightway and
7  Brightway allege that the '537 Patent is "invalid and/or unenforceable for failing to meet the
8  conditions of patentability including but not limited to those specified in 35 U.S.C. §§ 1 et seq.,
9  including 35 U.S.C. §§ 102, 103, 112, 119, 256 and 37 C.F.R. § 1.56." (*Id*. at 12:8-10.) These
10 allegations are identical to those asserted by WSI.
11     As the Court stated in its Order granting Zep's motion to strike WSI's affirmative
12 defense and counterclaim, Federal Circuit law governs the sufficiency of allegations of
13 inequitable conduct. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed.
14 Cir. 2009) (citing *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions.,*
15 482 F.3d 1347, 1356 (Fed. Cir. 2007)); *Ferguson Beauregard/Logic Controls, Div. of Dover*
16 *Resources, Inc. v. Mega Systems, LLC,* 350 F.3d 1327, 1344 (Fed. Cir. 2003). Under Federal
17 Circuit law, all averments of fraud and inequitable conduct, including affirmative defenses, fall
18 within the strictures of Rule 9(b) and must be stated with particularity. *See Exergen*, 575 F.3d
19 at 1326; *Central Admixture*, 482 F.3d at 1356.
20     The essential elements of a claim of inequitable conduct under Federal Circuit law are:
21 (1) an individual associated with the filing and prosecution of a patent application affirmatively
22 misrepresents a material fact, fails to disclose material information, or submits false material
23 information; and (2) the individual does so with the specific intent to deceive the U.S. Patent
24 and Trademark Office ("PTO"). *Exergen*, 575 F.3d at 1327 n.3. To plead the circumstances of
25 inequitable conduct with the requisite particularity required by Rule 9(b), the pleading must
26 specifically state the "who, what, when, where, and how" of the misrepresentation or omission
27 made to the PTO. *Id*. at 1327. Thus, "[a] pleading that simply avers the substantive elements of
28

2

1 inequitable conduct, without setting forth the particularized factual bases for the allegation, does
2 not satisfy Rule 9(b)." *Id*.

3 In *Chiron Corp. v. Abbott Labs.*, the defendant asserted an affirmative defense of
4 unenforceability due to inequitable conduct. 156 F.R.D. 219, 219 (N.D. Cal.1994). To support
5 its allegation, the defendant alleged that "[i]n an effort to avoid the patent examiner's
6 obviousness rejection, [plaintiff] intentionally misled the examiner about the state of the art."
7 *Id*. at 222. The defendant further alleged that plaintiff's agent swore to a affidavit that
8 contained "deceptive and misleading" information about the contested patent. *Id*. The court
9 found that although the defendant identified the affidavit as an allegedly fraudulent document, it
10 failed to specifically state what part of the affidavit was deceptive. *Id*. The court held that this
11 lack of specificity did not meet the heightened pleading standards of Rule 9(b) and struck the
12 affirmative defense from the answer. *Id*. at 222-23.

13 Unlike the defendant in the *Chiron* case, Lightway and Brightway do not even purport to
14 identify an allegedly fraudulent document that Zep submitted to the PTO. Rather, WSI alleges
15 only that the '537 Patent "is unenforceable due to inequitable conduct" and that the '537 Patent
16 is "invalid and/or unenforceable" for failure to meet statutory and regulatory conditions of
17 patentability, including 37 C.F.R. § 1.56 which pertains to a patentee's duty of candor to the
18 PTO. They do not identify any particular misrepresentation or omission to the PTO, let alone
19 allege any facts regarding the "who, what, when, where, and how" of any such material
20 misrepresentation or omission. Lightway and Brightway also fail to include any specific facts
21 that show Zep's intent to deceive the PTO. *See Exergen*, 575 F.3d at 1326. These allegations
22 are woefully inadequate when compared to the allegations in the *Chiron* case, which also were
23 found to be insufficient to support an affirmative defense of inequitable conduct.

24 Accordingly, the Court GRANTS Zep's motion to strike. The Court strikes the fourth
25 affirmative defense, and it strikes the reference to 37 C.F.R. § 1.56 from the second
26 counterclaim for relief. Because Lightway and Brightway may be able to allege facts that could
27 //
28

**United States District Court**
For the Northern District of California

3

1 satisfy the heightened pleading standard for inequitable conduct, the Court shall grant them
2 leave to amend. If they intend to amend, they must do so by no later than May 4, 2012.

**IT IS SO ORDERED.**

Dated: April 17, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4